IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-96

 No. COA19-967-2

 Filed 15 February 2022

 Haywood County, No. 18 CRS 315-16

 STATE OF NORTH CAROLINA

 v.

 SHANNA CHEYENNE SHULER

 Appeal by defendant from judgment entered 31 October 2018 by Judge William

 H. Coward in Haywood County Superior Court. Originally heard in the Court of

 Appeals 17 March 2020. State v. Shuler, 270 N.C. App. 799, 841 S.E.2d 607 (2020).

 Upon remand from the Supreme Court of North Carolina by opinion issued 13 August

 2021. State v. Shuler, 378 N.C. 337, 2021-NCSC-89.

 Attorney General Joshua H. Stein, by Assistant Attorney General Brent D.
 Kiziah, for the State.

 W. Michael Spivey for defendant-appellant.

 TYSON, Judge.

¶1 The Supreme Court of North Carolina held Shanna Cheyenne Shuler

 (“Defendant”) did not forfeit her Fifth Amendment right to silence when she provided

 pretrial notice of her intent to offer an affirmative defense. The Supreme Court

 remanded the case for this Court to determine whether the erroneously admitted
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 testimony was harmless beyond a reasonable doubt. We conclude and hold the

 admission of this evidence was harmless beyond a reasonable doubt.

 I. Background

¶2 The background of the cause is detailed in both the Supreme Court’s and this

 Court’s previous opinions. State v. Shuler, 378 N.C. 337, 2021-NCSC-89, 861 S.E.2d

 512 (2021); State v. Shuler, 270 N.C. App. 799, 841 S.E.2d 607 (2020). The allegations

 underlying Defendant’s trafficking in methamphetamine and simple possession of

 marijuana are unnecessary to determine the issue upon remand.

¶3 The salient facts from the Supreme Court’s opinion are as follows:

 Defendant was charged with felony trafficking in
 methamphetamine and with misdemeanor simple
 possession of marijuana. Prior to trial, defendant filed a
 notice of her intent to rely upon the affirmative defense of
 duress pursuant to N.C.G.S. § 15A-905(c)(1). In its
 entirety, the notice stated the following:

 Now comes the Defendant, by and through her
 attorney, Joel Schechet and, in accordance with
 N.C.G.S. § 15A-905(c), gives notice of the following
 defense:

 1. Duress

 At trial, Detective Regner testified for the State during its
 case-in-chief. The State asked Detective Regner if
 defendant made “any statements” about Joshua Warren
 when she handed over the substances in her possession.
 Defense counsel objected, and the trial court overruled the
 objection. Detective Regner then testified: “No, ma’am. She
 made no—no comment during that one time.”
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 Defense counsel asked for the trial court to excuse the jury
 and then moved for a mistrial arguing that the State’s
 question had “solicited an answer highlighting
 [defendant’s] silence at the scene.” The trial court
 conducted a voir dire to determine the admissibility of
 Detective Regner’s testimony. Ultimately, the trial court
 allowed the State to ask the question again when the jury
 returned.

 After the State’s case-in chief, defense counsel gave its
 opening statement. Defendant then took the witness stand
 to testify in her own defense. At the close of all the
 evidence, the trial court instructed the jury on the defense
 of duress. Ultimately, the jury found defendant guilty of
 both charges. Defendant appealed to the Court of Appeals.

 Shuler, ¶¶ 4-7, 378 N.C. at 338-39, 861 S.E.2d 512, 514-15.

¶4 Our Supreme Court recognized Defendant’s “silence could not have achieved

 the purpose of impeaching her credibility as a witness” at the time of the detective’s

 testimony since she had not testified yet. Id. ¶ 11, 378 N.C. at 339, 861 S.E.2d at 515.

 The Court held: “The State cannot preemptively impeach a criminal defendant by

 anticipating that the defendant will testify because of defendant’s constitutional right

 to decide not to be a witness.” Id. ¶ 11, 378 N.C. at 340, 861 S.E.2d at 515. The Court

 concluded it was error to admit the detective’s testimony into evidence. Id. ¶ 15, 378

 N.C. at 341, 861 S.E.2d at 516.

¶5 Because the State did not argue any Fifth Amendment violation was harmless

 beyond a reasonable doubt before the Supreme Court of North Carolina, that Court
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 remanded to this Court. In its original brief before this Court, the State posited that

 if the challenged evidence is substantive evidence of guilt, prohibited by the North

 Carolina Constitution, the violation and its admission was harmless beyond a

 reasonable doubt.

 II. Analysis

¶6 “A violation of the defendant’s rights under the Constitution of the United

 States is prejudicial unless the appellate court finds that it was harmless beyond a

 reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable

 doubt, that the error was harmless.” N.C. Gen. Stat. § 15A-1443(b) (2021).

¶7 This Court “may consider a number of factors” in making its determination of

 whether the constitutional error was harmless beyond a reasonable doubt. State v.

 Boston, 191 N.C. App. 637, 652-53, 663 S.E.2d 886, 896-97 (2008). These factors

 include:

 whether the State’s other evidence of guilt was substantial;
 whether the State emphasized the fact of [the defendant’s]
 silence throughout the trial; whether the State attempted
 to capitalize on [the defendant’s] silence; whether the State
 commented on [the defendant’s] silence during closing
 argument; whether the reference to [the defendant’s]
 silence was merely benign or de minimis; and whether the
 State solicited the testimony at issue.

 Id.

¶8 In Boston, the Court pointed to the State’s overwhelming evidence of the
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 defendant’s motive that was established through the testimony of two witnesses. Id.

 at 653, 663 S.E.2d at 897. One of the witnesses also gave a consistent and detailed

 account of the defendant’s involvement in the charged arson. Another witness

 corroborated the source of the arson, which was consistent with other witness’

 testimony. Id.

¶9 The trial transcript showed the testimony relating to the defendant’s pre-

 arrest silence was minimal. The State had not made the defendant’s “pre-arrest

 silence a recurring theme of its case at trial,” and had not commented on the

 defendant’s silence during closing argument. Id. This Court concluded beyond a

 reasonable doubt that the jury would have reached the same verdict had the

 testimony been excluded and held the error was harmless beyond a reasonable doubt.

 Id.

¶ 10 Here, the erroneously admitted evidence of Defendant’s silence could have only

 related to Defendant’s affirmative defense of duress. The State contends even when

 the evidence is considered in the light most favorable to Defendant, she failed as a

 matter of law to assert or present a proper affirmative duress defense.

¶ 11 The State’s evidence tended to show Defendant was the driver and in control

 of the vehicle. Defendant asserted at trial that she had only sat in the driver’s seat.

 She testified Joshua Warren was the owner of the drugs and he had threatened her

 in order to convince her to possess and hold onto the drugs.
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

¶ 12 Defendant testified that as police approached, Warren pulled the bag of

 methamphetamine from his pants and placed the drugs into her lap before he exited

 the vehicle. The State’s evidence showed once Warren exited the vehicle, he did not

 return.

¶ 13 The State’s evidence tended to show Defendant could have removed the

 methamphetamine from her body after Warren had exited the vehicle. Both officers

 investigating the incident testified Defendant showed no signs of duress and that

 Warren was not present when they approached and communicated with Defendant.

¶ 14 In its closing arguments, the State argued duress was not applicable because

 duress cannot be invoked by someone who has a reasonable opportunity to avoid the

 undue exposure to death or serious bodily harm. See State v. Cheek, 351 N.C. 48, 61-

 62, 520 S.E.2d 545, 553 (1999) (“In order to successfully invoke the duress defense, a

 defendant would have to show that his ‘actions were caused by a reasonable fear that

 he would suffer immediate death or serious bodily injury if he did not so act.’”)

 (citation omitted). Defendant’s testimony at trial was the only evidence presented

 indicating she acted under duress, and it was clearly likely for the jury to have

 rejected Defendant’s affirmative defense.

¶ 15 The State also argues the error was harmless because other evidence of

 Defendant’s guilt of possession of the marijuana and methamphetamine was

 overwhelming. Defendant testified and admitted she knew what substances the bags
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 contained when she placed them inside of her bra and admitted to possessing both

 bags of illegal drugs on her person.

¶ 16 Defendant also acknowledged her purpose of being with Warren was “to get

 high.” Defendant failed to contest the quantity of methamphetamine she possessed.

 After Defendant’s arrest, officers executed a search warrant on the vehicle and

 obtained a set of digital scales from the vehicle’s console, within the driver’s reach.

 Beside the scale was a small handbag labeled, “Shanna Shuler, insane outlaw.”

¶ 17 Defendant offered the testimony of Joshua Warren at trial. He denied

 threatening Defendant and pled the Fifth Amendment when asked if he had tossed

 the bags of drugs into Defendant’s lap. Substantial and overwhelming evidence was

 presented from which the jury could find beyond a reasonable doubt that Defendant

 knowingly possessed both the small bag of marijuana and the approximately 40.39

 grams of methamphetamine.

¶ 18 The State argues here, as in Boston, the sole reference to Defendant’s silence

 regarding her duress occurred during the State’s questioning of Detective Regner. No

 further reference to Defendant’s lack of response or silence was made by the State for

 the remainder of the trial. The State did not cross-exam Defendant regarding her

 silence after her testimony during which she repeatedly claimed duress or threats

 from Warren.

¶ 19 Finally, the State argues the prosecutor did not reference her silence during
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 its closing argument. The State did not attempt to “capitalize on” the challenged

 evidence and asserts the evidence of Defendant’s silence was “de minimis.” Boston,

 191 N.C. App. at 652-53, 663 S.E.2d at 897.

¶ 20 The State also cites State v. Richardson, 226 N.C. App. 292, 741 S.E.2d 434

 (2013) and State v. Hoyle, 325 N.C. 232, 382 S.E.2d 752 (1989) to support the

 erroneous admission of the detective’s testimony in the present case does not rise to

 the level of the prejudicial error found in both cases. We agree.

¶ 21 In Richardson, the prosecutor questioned the defendant about his trial

 testimony being his first statement, the number of attempts law enforcement had

 made to interview him and also commented on his post-arrest silence in closing

 argument. Richardson, 226 N.C. App. at 303-08, 741 S.E.2d at 442-45.

¶ 22 Our Supreme Court concluded: “The prosecutor’s cross-examination of

 Defendant impermissibly focused almost exclusively on Defendant’s failure, unlike

 other witnesses, to make a statement to investigating officers. Similarly, the

 comments made by the prosecutor during his concluding argument to the jury clearly

 constituted an impermissible comment upon Defendant’s decision to exercise his

 constitutional right to remain silent after being placed under arrest.” Id. at 308, 741

 S.E.2d at 445. The Supreme Court held, “the trial court’s failure to preclude the

 challenged prosecutorial questions and comments rose to the level of plain error

 despite the fact that the State elicited substantial evidence, taken in isolation, of [the
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 defendant’s] guilt.” Id. at 310, 741 S.E.2d at 446.

¶ 23 In Hoyle, the defendant asserted his actions were in self-defense after a

 struggle with the victim. Hoyle, 325 N.C. at 234, 382 S.E.2d at 753. The prosecutor

 “repeatedly questioned” detectives and the defendant about whether the defendant

 had ever told anyone that the victim had attacked him on the night of his murder.

 Id. at 235, 382 S.E.2d at 753. Further, the prosecutor “made reference” to the

 defendant’s silence in his closing argument before the jury. Id. at 236, 382 S.E.2d at

 754.

¶ 24 Our Supreme Court held the trial court erred by allowing the questions and

 that the “improper evidence was reinforced by the jury argument.” Id. at 237, 382

 S.E.2d at 754. The Court held:

 In this case there was not an eyewitness to the shooting
 other than the defendant. His defense depended on the
 jury’s acceptance of his version of the event. The State has
 not demonstrated beyond a reasonable doubt that it was
 harmless to attack the credibility of this version by
 improper evidence[.]

 Id.

¶ 25 In both cases, the prosecutors repeatedly referenced the challenged evidence

 and in Richardson, referred to it in closing arguments. Here, there was only one

 reference during the detective’s testimony, and the impact on Defendant was

 minimal. The State has proven the trial court’s error to be harmless beyond a
 STATE V. SHULER

 2022-NCCOA-96

 Opinion of the Court

 reasonable doubt.

 III. Conclusion

¶ 26 The State produced overwhelming evidence at trial showing Defendant’s guilt.

 The State did not capitalize on the detective’s statement of Defendant’s silence and

 did not reference Defendant’s silence in closing argument. The impact of Detective

 Regner’s reference to Defendant’s silence was de minimis. Any erroneously admitted

 testimony was harmless beyond a reasonable doubt. It is so ordered.

 NO ERROR.

 Judges ARROWOOD and GORE concur.